■ In the Matter of ELOISE KELLEY, Respondent, v. GEORGE KELLEY, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Nassau County, dated July 23, 1968, which (1) adjudged that appellant had willfully disobeyed a support order of said court dated November 27, 1967, (2) continued said support order and (3) sentenced appellant to a 30-day jail term, with execution suspended on condition he pay the arrears, $1,220, by August 15, 1968. Order modified, on the law and the facts and in the exercise of discretion, (1) by striking therefrom the second decretal paragraph and by substituting therefor the following: " ORDERED: that the order of support dated November 27, 1967, is hereby modified to the extent of reducing the support payments respondent is directed to pay thereunder from $70 a week to $50 a week, commencing June 19, 1968, and it is further "; and (2) by striking therefrom the second sentence of the third decretal paragraph and by substituting therefor the following: " Execution of sentence is suspended on condition that respondent pay the sum of $1220 on the arrears at the rate of $5 a week, commencing June 19, 1968; and order of commitment to issue upon default, and it is further." As so modified, order affirmed, without costs. The total of the $5 weekly arrears payments for the period between June 19, 1968 and the date of the order to be made hereon may be paid within 10 days after entry of the order hereon. We are of the opinion that it was an improvident exercise of discretion to altogether deny appellant's cross petition for a reduction in the support payments he is required to make and to require him to pay the entire amount of accrued arrears by August 15, 1968 as a condition to suspending execution of the sentence. Under the circumstances of this case, a reduction to the extent indicated herein is warranted; and appellant should be permitted to pay the arrears at the rate of $5 a week. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ In the Matter of EDWARD L. MARTIN, Doing Business as RAYMOND AVENUE WINE AND LIQUOR STORE, Petitioner, v. DONALD S. HOSTETTER, as Chairman of the State Liquor Authority, Respondent.— Determination of respondent, dated September 12, 1967, modified, on the law and in the exercise of discretion, by (1) striking out the provision that seven days of the suspension " be served forthwith " and providing, in lieu thereof, that said portion of the suspension be deferred under the same terms as were attached to the deferment of the 10-day portion of the suspension and (2) by reducing the penal sum specified in the bond demand to $100. As so modified, determination confirmed, without costs. In our opinion the penalty imposed was excessive and constituted an abuse of discretion in the circumstances presented. Christ, Acting P. J., Brennan, Hopkins and Munder, JJ., concur; Rabin, J., dissents and votes to dismiss the proceeding on the merits and to confirm the determination.