■ In the Matter of EDYTHE ABBONDOLA, Respondent, v. VICTOR ABBONDOLA, Appellant.— In a proceeding pursuant to article 4 of the Family Court Act for relief against appellant for his violation of a previous support order, the appeal is from an order of the Family Court, Nassau County, entered August 28, 1972, which, after a hearing, committed him to jail for a term of 30 days, with sentence suspended on condition that arrears be paid within 30 days. Order reversed, on the law and in the exercise of discretion, without costs, and proceeding remitted to the Family Court for a new hearing and a new determination. The support order, dated November 19, 1969, directed appellant to pay $25 per week for support of petitioner (his wife) and the parties' child.

The instant petition was executed on June 19, 1972. At the hearing, the trial court read the petition and advised appellant of his right to counsel (Family Ct. Act, § 433). Appellant waived counsel and the court proceeded to inquire into the allegations contained in the petition. Appellant admitted he was able to pay the amounts due for support but said he had declined to do so on the ground that petitioner had refused him visitation with the child. In the course of the hearing it appeared that appellant had lost his job and become self-employed as a claims representative for insurance companies and attorneys. He had little income and few accounts, although he expected to do better. He contested the amount of arrears although he admitted they were substantial. He stated that his child had resided with his stepmother and had traveled to Europe. The court refused to consider these matters as defenses. At a later point in the hearing, appellant asked to bring someone in to more adequately explain his finances. The court found that appellant had willfully disobeyed the support order and that the arrears amounted to $1,945. It sentenced appellant to 30 days in jail, with execution of the sentence suspended on condition that appellant pay the entire arrears within 30 days. In our opinion, appellant did not get an adequate hearing and was not afforded his statutory right of an opportunity to be heard and to present witnesses (Family Ct. Act § 433; *Matter of Silvestris* v. *Silvestris,* 24 A D 2d 247, 249–250; *Matter of Emerick* v. *Emerick,* 24 A D 2d 872; *Matter of Whitener* v. *Whitener,* 37 A D 2d 979). Appellant proceeded *pro se* pursuant to a valid waiver of counsel. The hearing was rather short, the typewritten transcript consisting of only 16 pages, and was conducted entirely by the court. When appellant requested that he be permitted to bring in someone to explain his finances, his request was ignored by the court. Although there was evidence that appellant had had the money to pay support pursuant to the outstanding order and had refused to do so, the issue of his ability to pay was crucial to the proceeding and should have been " explored in depth " (*Matter of Whitener* v. *Whitener, supra,* p. 980). Further, a valid issue as to a possible discretionary reduction of accumulated arrears was presented and not explored (Family Ct. Act, § 458; *Matter of Ciaravino* v. *Ciaravino,* 38 A D 2d 722; cf. *Matter of Whitener* v. *Whitener, supra*). Appellant testified that he had lost his job and was presently self-employed and that his wife had been relieved of certain expenses for the support of their child during two separate periods. These are factors relevant to appellant's present ability to pay the entire accumulated arrears at one time. Finally, we have held in similar circumstances that it is an improvident exercise of discretion to condition a jail sentence upon payment of the entire arrears in 23 days (*Matter of Kelley* v. *Kelley,* 31 A D 2d 825). For these reasons, the order must be reversed and a new hearing ordered. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.