■ In the Matter of MARIE BURCHETT, Respondent, v. STANLEY BURCHETT, Appellant.— In a support proceeding, the appeal is from an order of the Family Court, Westchester County, dated May 7, 1973, which, after a hearing, committed appellant to the Westchester County Penitentiary for 90 days, for willful violation of a support order, with execution stayed upon the condition that he pay $500 on or before May 15, 1973. Order reversed, on the law and in the exercise of discretion, without costs, and proceeding remitted to the Family Court for a full hearing and a new determination, in accordance with the views herein set forth. Appellant was admittedly in arrears and therefore in violation of the provisions of the previous support order. On May 7, 1973 a hearing was held in the Family Court for the exclusive purpose of determining whether his failure to obey the support order was willful (see Family Ct. Act, § 454). At the hearing he testified that his financial condition was such that he could not make the payments. No evidence was introduced which tended to contradict that testimony. The court found that appellant's failure to obey the previous order was willful, on the basis of " statements made " before it. We have reviewed the record and have determined that it does not satisfactorily support the conclusion that nonpayment resulted from willfulness rather than inability to pay. We have previously indicated that the question of ability to pay is crucial to the issue of willfulness and is one which should be explored in depth (*Matter of Abbondola* v. *Abbondola*, 40 A D 2d 976; cf. *Matter of Myerberg* v. *Myerberg*, 41 A D 2d 524; *Matter of Cardona* v. *Perez*, 28 A D 2d 673). The court, in determining that a failure to make the required payments was willful, must exercise its discretion on the basis of " competent proof ", which, in our view, requires minimally that some evidence be advanced tending to establish an ability to comply (see Family Ct. Act, § 454). Here no such proof was adduced. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.

■ In the Matter of CARLO CALABRESE, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In a proceeding pursuant to section 618 of the Insurance Law for leave to bring an action against the Motor Vehicle Accident Indemnification Corporation, the appeal is from an order of the Supreme Court, Kings County, dated June 21, 1972, which denied the application. Order reversed, without costs, and proceeding remitted to the Special Term for a hearing and a new determination, in accordance with the views herein set forth. We hold as a matter of law that a parole officer is a peace officer within the meaning of subdivision (b) of section 608 of the Insurance Law. However, we are of the opinion that triable issues of fact are presented on the question of whether the reporting of the alleged hit-and-run accident to the parole officer 28 hours after its occurrence was done, as set forth in the above-mentioned statute, as soon as was " reasonably possible ". In light of the foregoing, the fact that the Police Department was notified of the alleged accident five days after its occurrence is not relevant to a proper determination of the proceeding. Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.