■ In the Matter of STEPHEN PIZZO, Appellant, v ROBERTA PIZZO, Respondent.—In a support proceeding, the appeal is from an order of the Family Court, Suffolk County, dated December 3, 1974, which, after a hearing, committed appellant to the Suffolk County Jail for 36 days for willful violation of a support order. Order reversed, on the law and in the exercise of discretion, without costs, and proceeding remitted to the Family Court for a full hearing and a new determination, in accordance with the views herein set forth. The transcript of the hearing held to determine whether appellant had willfully disobeyed the Family Court's support order does not provide an evidentiary basis necessary for a finding of willful disobedience. We fully realize the heavy calendars and the many everyday exigencies inherent in the operation of the overburdened Family Court, yet the statute requires that a finding of willful disobedience be based upon "competent proof" (Family Ct. Act, § 454). In *Matter of Burchett v Burchett* (43 AD2d 970) this court stated that the term "competent proof" in the cited statute "in our view, requires minimally that some evidence be advanced tending to establish an ability to comply". Ability to comply is crucial to the issue of willfulness and must be explored in depth *(Matter of Burchett v Burchett, supra; Matter of Abbondola v Abbondola,* 40 AD2d 976). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Brennan, JJ., concur.