■ In the Matter of DOROTHY LIEBERMAN, Respondent, v AHARON LIEBERMAN, Appellant.—In a support proceeding, the appeal is from (1) an order of the Family Court, Rockland County, dated April 21, 1975, which, after a hearing, committed appellant to the Rockland County Jail for 15 days, upon a finding that he had willfully violated an order of support, and (2) a decision of the same court, of like date, which denied appellant's motion for a reduction in support payments and for the cancellation of all prior arrears. Appeal from the decision dismissed, without costs or disbursements. An appeal may only be taken from a judgment or order (CPLR 5512, subd [a]); no appeal lies from a decision *(People ex rel. Breedan v Zelker,* 41 AD2d 669; *Bastian v McCoy,* 34 AD2d 994). Order reversed, on the law and the facts and in the exercise of discretion, without costs or disbursements, and proceeding remitted to the Family Court for a full hearing and a new determination on the allegation that appellant willfully violated a support order. It is not disputed that appellant is in arrears and is, therefore, in violation of the provisions of a previous order of support. On April 21, 1975 a hearing was held pursuant to section 454 of the Family Court Act to determine whether his failure to make the required payments under the support order was willful. At that hearing he testified as to his inability to pay. He testified that he had lost his last job in October, 1974 when his employer was served with a payroll deduction order as to his wages. He has been on unemployment ever since and has found it necessary to borrow money. Appellant also testified as to his unsuccessful efforts to obtain work. Nevertheless, despite the fact that no evidence was introduced which tended to contradict his testimony, the Family Court found that appellant's disobedience had been willful. We view the record as inadequate to establish that the nonpayment resulted from willfulness rather than from the inability to pay (see *Matter of Halleck v Hayden,* 47 AD2d 855; *Matter of Burchett v Burchett,* 43 AD2d 970). Furthermore, before a finding can be made that appellant willfully violated the support order, his ability to pay *must* be established (see *Matter of Hall [Wells-Friedman],* 35 AD2d 758; *Matter of Atkins v Atkins,* 28 AD2d 1098); on the question of ability, an in-depth examination is necessary *(Matter of Abbondola v Abbondola,* 40 AD2d 976; *Matter of Halleck v Hayden, supra).* Such an examination was not had here. Moreover, we find that the present record does not support the Family Court's finding that appellant failed to make reasonable and diligent efforts to find suitable employment in order to enable him to make the required payments. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.