■ In the Matter of WILLIE M. CAIN, Respondent, v THOMAS H. COUSAR, Appellant.—In a support proceeding, the appeal is from an order of the Family Court, Orange County, dated December 19, 1975, which, after a hearing, (1) found that appellant had willfully failed to comply with a prior order of support and ordered that he be committed to the county jail for six months and (2) failed to rule on appellant's application for a downward modification of child support. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for a full hearing and (1) a new determination as to whether there was a willful violation of the support order and (2) a determination of the application for a downward modification. The statute requires that a finding of willful disobedience be based upon "competent proof" (Family Ct Act, § 454). In *Matter of Burchett v Burchett* (43 AD2d 970) this court stated that the term "competent proof", in the cited statute, "in our view, requires minimally that some evidence be advanced tending to establish an ability to comply". An ability to comply is crucial to the issue of willfulness and must be explored in depth (see *Matter of Pizzo v Pizzo,* 47 AD2d 948; *Matter of Burchett v Burchett, supra; Matter of Abbondola v Abbondola,* 40 AD2d 976). Such issue was not explored in depth here. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.

■ In the Matter of JOSEPH G., Appellant.—Appeal from an order of the Family Court, Queens County, dated January 12, 1976, which, after a fact-finding determination made by the Family Court, Westchester County, dated August 4, 1975, that appellant is a juvenile delinquent, placed him with the Division for Youth, Title III. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court, Queens County, for a *de novo* hearing and determination. Appellant appeared before the Family Court, Westchester County, for his fact-finding hearing with his mother and a Law Guardian (the proceeding was subsequently transferred to the Family Court, Queens County, for disposition). After advising the appellant of his right to remain silent, the Family Court Judge asked: "Now, have you read the petition?". The Law Guardian responded, "Yes, * * * we have." The Family Court Judge then asked the appellant directly "do you understand the petition completely?" and he responded, "Yes." The Law Guardian waived the court's reading of the petition and admitted the allegations thereof. Without further inquiry or questioning of the appellant, the Family Court sustained the petition and adjudicated the appellant a juvenile delinquent. Such an allocution was insufficient as a matter of law (see *Matter of Theodore F.,* 47 AD2d 945; *Matter of Lee G.,* 46 AD2d 910; *Matter of Karen B.,* 44 AD2d 567). As we stated in those cases, an admission to a juvenile delinquency petition (or to a petition alleging that a child is a person in need of supervision) will not be sustained unless the child himself is (1) fully advised by the Family Court of his rights and the waiver thereof engendered by his admitting the allegations of the petition, (2) questioned as to the allegations of the petition by the Family Court and (3) personally enters his admission to such charges on the record. (See *People v Nison,* 21 NY2d 338; *People v Serrano,* 15 NY2d 304.) Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.