■ In the Matter of TROY L., Appellant.—Appeal from an order of the Family Court, Kings County, dated February 17, 1976, which, after a fact-finding determination made by the Family Court, Nassau County, dated November 21, 1975, that appellant is a juvenile delinquent, placed him on probation for a one-year period. Order reversed, without costs or disbursements, and proceeding remanded to the Family Court, Kings County, for a new fact-finding hearing and determination. At the fact-finding hearing, the appellant appeared with his mother and Law Guardian, but was not advised of his right to remain silent or of the consequences of waiving that right; nor was he questioned by the Family Court to ascertain whether he himself admitted the allegations of the petition (see Family Ct Act, § 741; *Matter of Theodore F.,* 47 AD2d 945; *Matter of Joseph G.,* 52 AD2d 924). Accordingly, these omissions mandate a new hearing before the Family Court. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ In the Matter of STEPHEN LONYAY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Acting Commissioner of the New York State Department of Social Services, dated June 6, 1975, which, after a hearing, affirmed a determination of the Commissioner of the Nassau County Department of Social Services, which refused to issue petitioner (1) a supplemental grant for rental arrears and (2) a shelter allowance for February, 1975. Determination confirmed and petition dismissed on the merits, without costs or disbursements. We hold that the determination under review was supported by substantial evidence in the record. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of MITCHELL M., Appellant.—Appeal from an order of disposition of the Family Court, Kings County, dated January 5, 1976, which, upon a fact-finding determination dated November 17, 1975, and made after a hearing, *inter alia,* that appellant had done an act which, if done by an adult, would have constituted the crime of attempted murder, placed him with the Department of Correction for a maximum term of three years. The appeal brings up for review the said fact-finding determination. Fact-finding determination modified, on the law, by deleting therefrom the adjudication that the acts in question would have constituted the crime of attempted murder, and substituting therefor an adjudication that such acts would have constituted the crime of assault in the first degree. As so modified, determination affirmed. The findings of fact are affirmed. Order of disposition affirmed. No costs or disbursements are awarded. The facts as found by the Family Court fail to establish all elements of the crime of attempted murder. They are, however, sufficient to constitute the crime of assault in the first degree, which crime was also charged in the petition. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.