In the Matter of CENA G. BLANCHARD, Respondent, v DONALD O. BLANCHARD, Appellant.—In a proceeding to enforce an order of support, the appeals are from two orders of the Family Court, Rockland County, dated March 24, 1976 and April 5, 1976, respectively. The first above-mentioned order *inter alia* directed appellant to post an undertaking or surety in the amount of $2,690, and the second above-mentioned order held him in contempt for violation of the first above-mentioned order and directed his commitment to the county jail for two days. Order of March 24, 1976 affirmed, without costs or disbursements. Order of April 5, 1976 reversed, without costs or disbursements, and proceeding remanded to the Family Court for the holding of a hearing to determine whether appellant willfully failed to comply with the order of March 24, 1976. In order to subject an individual to imprisonment for willfully violating a court order, his ability to comply must be established *(Matter of Lieberman v Lieberman,* 51 AD2d 745). Petitioner must therefore advance some evidence tending to establish that appellant had the ability to comply with the order (see *Matter of Burchett v Burchett,* 43 AD2d 970). Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

In the Matter of DONALD BRICKERS, Petitioner, v WILLIAM G. HEGARTY, as Commissioner of Police of the Police Department of the City of New Rochelle, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent police commissioner, dated December 8, 1975 and made after a hearing, which found, *inter alia,* that petitioner had committed acts prejudicial to the good order, efficiency and discipline of the police department, and dismissed him from his position as a police officer. Determination annulled, on the law, with $50 costs and disbursements, and respondents are directed to restore petitioner to his position, as of December 8, 1975, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during such period, without prejudice to proceedings by respondents in accordance herewith. Sections 46 and 58 of the Charter of the City of New Rochelle require the approval of the city manager before a uniformed officer may be removed. The record does not indicate that such approval was obtained. Accordingly, without his determination petitioner's dismissal was improper. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.