■ In the Matter of KATHLEEN D'ANGELO, Respondent, v FRANK D'ANGELO, Appellant.—Order unanimously reversed, without costs, on the law and the facts and in the exercise of discretion, and proceeding remitted to Family Court of Livingston County for the imposition of a penalty upon appellant in accordance with the following Memorandum: Appellant, Frank D'Angelo, appeals his 90-day jail commitment by Livingston County Family Court which found him in contempt for failure to obey a support order in violation of section 454 of the Family Court Act. On May 22, 1974 the Livingston County Family Court issued a support order requiring appellant to pay the sum of $50 per week for the support of his minor children. The total sum of the payments required for the seven-month period from the date of said order to the end of calendar year 1974 amounted to $1,600. Appellant only paid the sum of $938, leaving an arrearage of $662 for the calendar year 1974. On October 28, 1975 a violation of support order petition was filed and, following a hearing, appellant was found guilty of willfully failing to obey the support order. The commitment order, which this court stayed pending the appeal, followed. In order to sustain a violation of section 454 of the Family Court Act it is necessary that there be a finding of willfulness in the failure to obey a support order. Such a finding requires both a demonstration of nonpayment and ability to make the required payment. Nonpayment of the full amount is conceded. We direct our attention, therefore, to the appellant's ability to pay. Appellant's monthly expenses in 1974 were $1,695.31 which included mortgage payments, power and telephone expenses for the marital home occupied by his wife and children. For the eight-month period in question in 1974 these expenses totaled $13,562 plus the $938 he actually paid pursuant to the support order for total expenses of $14,500. His real estate earnings were $12,865 which, added to his school bus driver income of $2,000, totaled $14,865. However, were the $1,600 he was required to pay under the support order added to the $13,562 expenses for the period, the total amounts to $15,162 which exceeds appellant's acknowledged earnings during this period of $14,865. The ability to pay must be established in order to support a finding of willfulness *(Matter of Lieberman v Lieberman,* 51 AD2d 745). In our view, this record does not satisfactorily support the conclusion that nonpayment resulted from willfulness rather than inability to pay *(Matter of Halleck v Hayden,* 47 AD2d 855; *Matter of Burchett v Burchett,* 43 AD2d 970). Finally, it is apparent that appellant was attempting to keep approximately 30 creditors satisfied by monthly payments on past due bills which amounted to over $45,000. That he did not succeed is shown by the fact of his subsequent bankruptcy. Under these circumstances we see no good purpose to be served by his incarceration, but believe, instead, that with his

debts now mostly discharged by bankruptcy, appellant should be placed on probation, as provided in subdivision (b) of section 454 of the Family Court Act, upon condition that he pay the arrearages to date and continue to meet the $50 weekly payments required by the Family Court order of May 22, 1974. (Appeal from order of Livingston Family Court—contempt.) Present— Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.