■ In the Matter of ROBERT BUSCHMANN, Appellant-Respondent, v UNITED NEW YORK SANDY HOOK PILOTS' ASSOCIATION, Respondent-Appellant, and BOARD OF COMMISSIONERS OF PILOTS, Respondent.—Order of the Supreme Court, Kings County, entered January 29, 1979, affirmed, without costs or disbursements, on the memorandum decision of Mr. Justice Pino at Special Term. Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.

■ In the Matter of IRENE FOLEY, Respondent, v JOSEPH FOLEY, Appellant.—In a proceeding to punish Joseph Foley for contempt for failure to obey a support order entered pursuant to article 4 of the Family Court Act, the appeals are from (a) an order of the Family Court, Suffolk County, dated February 28, 1978, as amended on April 24, 1978, which, *inter alia,* adjudged appellant to be in contempt but suspended sentence on condition that appellant pay arrears of $1,000, and (b) a further order of the same court, dated May 14, 1979, which directed that appellant be committed to the Suffolk County Jail in accordance with the sentence previously imposed. Order dated February 28, 1978, as amended, affirmed, without costs or disbursements. Order dated May 14, 1979, reversed, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing in accordance herewith. In our opinion, the Family Court erred in not permitting appellant, at the May 14, 1979 hearing, to testify as to his inability to comply with the prior order, as amended, both with respect to the terms of support therein and the terms of payment to purge himself of the contempt. The record reveals that the Family Court, at the May 14, 1979 hearing, elicited testimony from the petitioner as to the failure of the appellant to comply fully with the terms of the February 28, 1978 order, as amended. However, it erroneously refused to permit appellant to testify as to the efforts he made to comply and that his failure to comply was not willful. As this court has previously noted, the question of ability to pay is crucial to the issue of willfulness and is one which should be explored in depth *(Matter of Burchett v Burchett,* 43 AD2d 970; *Matter of Pizzo v Pizzo,* 47 AD2d 948). Accordingly, the matter is remitted to the Family Court for a *de novo* hearing as to whether appellant's failure to make the required payments was willful (see Family Ct Act, § 454). Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.