■ In the Matter of CINDY S. ROGERS, Respondent, v RODNEY I. ROGERS, Appellant.—Order unanimously reversed, without costs, and matter remitted to Jefferson County Family Court for further proceedings in accordance with the following memorandum: After a hearing appellant was found to have willfully failed to make support payments as previously ordered (Family Ct Act, § 454) and as a consequence was committed to the county jail for a term of 45 days with sentence to be suspended upon appellant's payment forthwith of $400 to the Jefferson County Support Collection Unit. The order provides that upon his release he pay $25 each week pursuant to the support order, and for failure to make such payments, it directs that he spend weekends in jail. The order further provides that the failure to make the required weekly payments and the failure to serve a weekend jail sentence would result in appellant's commitment for a further series of terms in the county jail of 30 days each, the order having recurring effect until the court vacated it. Section 454 of the Family Court act provides that if after a hearing the court is satisfied that the respondent has failed to obey the order of the court, it may commit the respondent to jail for a term not to exceed six months if the failure to pay was willful. The provisions of the order directing that appellant for his failure to make any directed payment voluntarily commit himself to jail for the weekend and in the event he should fail to do so that he be committed to jail for a 30-day period are unauthorized. Such self-executing orders for future jail commitment without a hearing and a finding upon competent proof that the respondent has failed to obey an order of the court are in clear contravention of section 454 of the Family Court Act (see Matter of Bruno v Bruno, 50 AD2d 701; Matter of Pizzo v Pizzo, 47 AD2d 948). In addition, the record fails to indicate appellant's present ability to pay $400 and, thus, the 45-day commitment to be suspended upon payment of $400 forthwith may not stand (see Matter of Myerberg v Myerberg, 41 AD2d 524; Matter of Abbondola v Abbondola, 40 AD2d 976). For these reasons the matter is remitted to Jefferson County Family Court for the purpose of setting a term of commitment consistent

with section 454 of the Family Court Act and also for a further hearing to determine appellant's present ability to make payments ordered by the court. (Appeal from order of Jefferson County Family Court—contempt.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.