■ ROCHELLE ALTSCHUL, Respondent, v ARTHUR ALTSCHUL, Appellant. — Appeal by the defendant husband from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 4, 1981, which, after a hearing, *inter alia,* found him to be in contempt for willfully violating a support order and directed

that he be committed to the Nassau County Jail until he pays arrears of $9,810. Order reversed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for a new hearing and determination in accordance herewith. On June 3, 1981, a hearing was held on the defendant's motion for a modification of the alimony and child support provisions of a judgment of divorce which had been entered upon his default. The judgment directed him to pay a total of $275 per week. Also before the court was the wife's cross motion for arrears, for counsel fees and to punish defendant for contempt. Following the hearing, the court reduced the support order to a total of $140 per week retroactively. In addition, the court found defendant to be in arrears in the sum of $9,810, found him to have been in contempt of court, and ordered that the defendant be immediately incarcerated in the Nassau County Jail until such time as he has fully paid the judgment for arrears. While defendant was admittedly in arrears and therefore in violation of the provisions of the previous support order, we hold that under the circumstances herein, it was an improvident exercise of discretion for the court to have ordered the immediate incarceration of the defendant with his release conditioned upon payment of the entire amount of the arrears. At the hearing, the defendant testified that he was an inexperienced insurance salesman and that his financial situation was such that he could not make the payments. The evidence demonstrates that defendant's net take home pay was only $215 per week and that aside from his own personal living expenses, he had various expenses connected with his job that were not reimbursed by his employer. Thus, during the period during which the arrears were incurred, his net weekly salary was $60 less than what he was supposed to pay in alimony and child support. No evidence was introduced by the plaintiff which tended to contradict the proof offered by the defendant. Nevertheless, the court found that defendant's failure to comply with the previous directives was willful. Having reviewed the record, we have determined that "it does not satisfactorily support the conclusion that nonpayment resulted from willfulness rather than inability to pay" (Matter of Burchett v Burchett, 43 AD2d 970). This court has, on numerous occasions, indicated that the question of ability to pay is crucial to the issue of willfulness (see, e.g., Matter of Burchett v Burchett, supra; Matter of Abbondola v Abbondola, 40 AD2d 976). In determining that a failure to make the required payments is willful, the court must exercise its discretion based upon "competent proof", that is, evidence that tends to establish an ability to comply (see Matter of Burchett v Burchett, supra). "Moreover there was no adequate showing that the [defendant] was able to pay the sum awarded as arrears, so the direction for incarceration was premature" (see Matter of Myerberg v Myerberg, 41 AD2d 524, 525). If, following the new hearing, it is determined that the defendant is in arrears, he should be permitted to pay the arrears over an extended period of time at a rate he can afford (see Matter of Kelley v Kelley, 31 AD2d 825). Margett, J.P., O'Connor, Weinstein and Bracken, JJ., concur.