■ DOROTHY P. HACKETT, Individually and as Executrix of PATRICK F. MORGAN, Deceased, et al., Respondents, v FRANCES M. SMITH, Individually and as Coexecutrix of PATRICK F. MORGAN, Deceased, et al., Appellants. — Decree unanimously affirmed, without costs, for the reasons stated in the memorandum decision at Surrogate's Court, Ringrose, S. (Appeal from decree of Oneida County Surrogate's Court, Ringrose, S. — estate assets — bank account.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.

■ In the Matter of MICHAEL J. NASSER, as Commissioner of Department of Social Services, on Behalf of DONNA S. WILLIAMS, Respondent, v WILLIAM ABRAHAM, Appellant. (Appeal No. 1.) — Order unanimously reversed, without costs, and matter remitted to Oneida County Family Court for further proceedings, in accordance with the following memorandum: Respondent appeals from two orders of Family Court (both dated June 3, 1981). In the first order, the subject of this appeal, the court found that respondent willfully violated a 1971 court order for child support, set arrears at $4,759, and directed that he be committed to jail for six months unless he paid Oneida County Department of Social Services the full arrears by September 1, 1981. In the second, the subject of the companion appeal (see *Matter of Nasser v Abraham,* 86 AD2d 973 [No. 38]), the court found that respondent willfully violated a 1972 court order for child support, set arrears at $12,065.78, and made an identical conditional commitment order. The orders were founded solely on presumptive findings of willfulness under section 454 (subd 1, par [a]) of the Family Court Act based on petitioner's showing of respondent's continuing failure to make payments under the 1971 and 1972 orders as prima facie evidence. The court improperly curtailed respondent's attempts to rebut this prima facie evidence by proving that during the times in question he had been unable to make the payments ordered due to low income and intermittent unemployment and that he had had custody of and assumed financial responsibility for three of his children for extended periods of time (see *Matter of Cole v Cole,* 65 AD2d 643). Further, there was insufficient evidence of his present ability to pay the $16,824.78 total arrears by September 1, 1981. Such evidence is required to support a conditional incarceration order (see *Matter of Rogers v Rogers,* 77 AD2d 818; *Matter of Myerberg v Myerberg,* 41 AD2d 524; *Matter of Abbondola v Abbondola,* 40 AD2d 976). The findings of contempt and the commitment orders were thus improperly made. Moreover, the respondent's offers of proof relative to his inability to make past payments and to his having at various times supported three of the children were also relevant to the issue of whether there was good cause for reduction of arrears (see Family Ct Act, § 458; *Matter of Abbondola v Abbondola, supra; Matter of Ciaravino v Ciaravino,* 38 AD2d 722). On remand, the court should consider such proof. (Appeal from order of Oneida County Family Court, Pomilio, J. — violation of support order.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.

■ In the Matter of MICHAEL J. NASSER, as Commissioner of Department of Social Services, on Behalf of ANGELA ABRAHAM, Respondent, v WILLIAM ABRAHAM, Appellant. (Appeal No. 2.) — Order unanimously reversed, without costs, and matter remitted to Oneida County Family Court for further proceedings, in accordance with the same memorandum as in *Matter of Nasser v Abraham* (86 AD2d 973 [No. 37]). (Appeal from order of Oneida County Family Court, Pomilio, J. — violation of support order.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.