■ ELIZABETH ROGERS, Respondent, v JOHN ROGERS, Appellant. — In an action for divorce, the defendant husband appeals from so much of four orders of the Supreme Court, Westchester County, as follows: (1) an order entered October 30, 1981 (Tillman, J.), as directed him to pay the plaintiff wife *pendente lite* $1,700 per month as child support and $1,800 per month as maintenance, and granted temporary custody of the children to plaintiff, (2) an order entered July 30, 1982 (Slifkin, J.), as directed the clerk to enter judgment in plaintiff's favor in the sum of $19,305.73, representing arrears in the *pendente lite* maintenance and child support payments, refused to allow

defendant certain credits, and directed defendant to furnish an undertaking of $75,000 as security, (3) an order entered September 24, 1982 (Slifkin, J.), as denied defendant's motion, *inter alia*, to strike the note of issue and statement of readiness and (4) an order entered September 29, 1982 (Ruskin, J.), as held defendant in contempt on account of his failure to post security in the sum of $75,000. Orders entered October 30, 1981 and September 24, 1982, affirmed insofar as appealed from. Order entered July 30, 1982 modified, on the facts, so as to reduce the amount of the judgment to be entered in plaintiff's favor to the sum of $14,629.73. As so modified, said order affirmed insofar as appealed from. Order entered September 29, 1982 reversed insofar as appealed from, and case remitted to Special Term for further proceedings consistent herewith. Plaintiff is awarded one bill of costs. With respect to the order entered July 30, 1982, Special Term erroneously included $4,676 in computing the amount of arrears of temporary maintenance and child support. That amount was supposed to be paid directly by defendant to the maid. Since there was, in fact, no maid in the employ of the family at the time of the *pendente lite* order or thereafter, defendant incurred no obligation for such payment. Special Term also erred in not holding a hearing before it adjudged defendant to be in contempt for failure to post a $75,000 undertaking as security. In order for defendant to have been guilty of contempt, his noncompliance with the court's order must have been willful. Defendant alleged that he did not have the financial means available to comply with the court's order. The question of ability to comply is crucial to the issue of willfulness and should be explored at a hearing (see *Altschul v Altschul*, 84 AD2d 798; *Matter of Foley v Foley*, 73 AD2d 623; *Matter of Pizzo v Pizzo*, 47 AD2d 948). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.