■ HOWARD LAKE, as Coordinator of Orleans County Support Collection Unit, Respondent, v PAUL W. SCHUNER, Appellant. — Order unanimously reversed, without costs, and petition dismissed. Memorandum: An order of Family Court was entered April 19, 1982, which continued a prior order of support dated September 30, 1981, directing respondent to pay the sum of $175 per week to the Orleans County Support Collection Unit in support of his children. The April order directed, however, that no further proceedings for violation of the support order were to be instituted by the collection unit or the Department of Social Services until such time "as the respondent is in a better financial condition." The order further directed respondent to make quarterly reports to the collection unit as to his financial status. By summons and petition dated June 14, 1983, petitioner charged that respondent had violated that order by failing to report that he had filed a petition in bankruptcy and failing to make quarterly reports. Petitioner requested a hearing, asked that respondent's arrearage be established up to the date of the hearing and asked that judgment be entered in that amount. It further requested that respondent be required to provide health insurance coverage for his children. A hearing was held on October 27, 1983. A stipulation was entered into that respondent's total arrearages to that date amounted to $17,150. The only evidence presented at the hearing was that offered by respondent. The farming business which he had conducted for 20 years on a 28-acre farm had completely deteriorated and he had gone through bankruptcy. He owes approximately 25 creditors nearly $300,000. His farm and equipment are fully encumbered and he has virtually no assets. He had been living with his present wife on her farm but that, too, had been lost through

mortgage foreclosure. He attempted to get a loan from various sources but was unable to do so. He had also been unsuccessful in finding other work and, except for temporary short-term jobs for which he had received little compensation, had not been employed.

With respect to his obligation to report his financial status quarterly, he testified that on July 1, 1982 he had supplied petitioner with a two-page financial statement. When he filed the petition in bankruptcy, he asked his attorney to notify petitioner along with his other creditors. In November, 1982 he returned a signed financial disclosure affidavit to petitioner which stated that he didn't know the answers to the questions, could not afford a lawyer to answer them, and had filed a petition in bankruptcy. Despite the fact that no evidence was introduced to contradict respondent, Family Court found that respondent had willfully violated the support order and the order to make quarterly reports.

We view this record as inadequate to establish that respondent's failure to comply with the support order resulted from willful or contemptuous conduct rather than from his inability to pay (see *Matter of D'Angelo v D'Angelo,* 57 AD2d 1042; *Matter of Halleck v Hayden,* 47 AD2d 855; *Matter of Burchett v Burchett,* 43 AD2d 970). Before respondent can be found in contempt of the support order, his ability to pay must be established (see *Matter of Lieberman v Lieberman,* 51 AD2d 745). In our view this record establishes beyond question that respondent is impoverished and unable to pay. With respect to his obligation to report to petitioner, although respondent did not report as frequently as required by the order, it does not appear that his failure to do so was willful and was certainly not deserving of a 60-day period of incarceration. Under the circumstances presented, we believe that petitioner is entitled to have judgment entered on the amount of the arrearage, and that the order directing respondent to report his financial status quarterly is to be continued. (Appeal from order of Orleans County Family Court, Miles, J. — contempt.) Present — Doerr, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.