In the Matter of the ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CARMEN M. B., Respondent, v HAROLD M., Appellant.—In a proceeding pursuant to the Family Court Act article 4 for enforcement of a support order, the appeal is from an order of the Family Court, Orange County (Ludmerer, J), entered December 3, 1986, which, after a hearing, directed him to remain current in his support obligations pursuant to an order of the same court, granted an application to hold him in contempt, and committed him to jail for a term of 90 days with the sentence suspended on condition that arrears be paid within 18 days.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting therefrom the finding of a willful violation and the provision committing the appellant to jail for 90 days; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

The record supports a finding of nonpayment of support and arrears pursuant to an outstanding order of the Family Court, Orange County (Slobod, J.), entered July 19, 1985. However, under the circumstances of this case, it does not satisfactorily appear that the appellant's failure to pay was willful. It is well established that personal service of a certified copy of an order is not necessary to hold a party in contempt thereof if the party had actual knowledge of that order *(Matter of McCormick v Axelrod,* 59 NY2d 574, 583, *amended* 60 NY2d 652).* The petitioner withdrew the initial violation petition

upon discovering that no order of support had been signed or entered and promised to serve the appellant with a copy of the order of support after it was signed and entered. The record indicates, however, that the order which was entered on July 19, 1985 was not mailed to the appellant until June 1986 subsequent to the commencement of this proceeding, at which time he immediately commenced making support payments. Further, the record fails to indicate the appellant's present ability to pay the accumulated arrears (see, Matter of Rogers v Rogers, 77 AD2d 818; Matter of Abbondola v Abbondola, 40 AD2d 976; Matter of Kelley v Kelley, 31 AD2d 825). Accordingly, the matter is remitted for further proceedings on the petition to enforce the order of support, including a determination of the appellant's ability to pay the accumulated arrears. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.