In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of VELVET M., Respondent, v JAMES HARTLEY, Appellant. [643 NYS2d 369] —In a proceeding pursuant to Family Court Act article 4 for enforcement of an order of support, James Hartley appeals (1), as limited by his brief, from so much of an order of disposition of the Family Court, Nassau County (Pudalov, J.), entered August 24, 1994, as, after a hearing, granted that branch of the petition which sought a finding that he was in willful violation of an order of support of the same court, dated April 30, 1992, and committed him to jail for a term of 90 days, and (2) from an order of the same court, dated January 24, 1995, which denied his objection to an order of the same court (Dwyer, H.E.), dated August 17, 1994, finding, after a hearing, that he willfully violated the order of support dated April 30, 1992.

Ordered that the order of disposition entered August 24, 1994, is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, that branch of the petition which sought a finding that the appellant was in willful violation of the order of support dated April 30, 1992, is denied, and the provision committing the appellant to jail for a term of 90 days is vacated; and it is further,

Ordered that the order dated January 24, 1995, is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the appellant's objection is granted.

The Nassau County Department of Social Services (hereinafter the DSS) failed to establish by clear and convincing evidence (*see, Matter of Cox v Cox,* 133 AD2d 828; *Matter of Schmerer v McElroy,* 105 AD2d 840) that the appellant's nonpayment of child support in violation of the order of support dated April 30, 1992, resulted from willfulness rather than the inability to pay (*see, Matter of Orange County Dept. of Social Servs. [Carmen M. B.] v Harold M.,* 137 AD2d 693; *Matter of Lieberman v Lieberman,* 51 AD2d 745; *Matter of Halleck v Hayden,* 47 AD2d 855). Although the proof of nonpayment proffered by the DSS was sufficient to establish its direct case (*see, Matter of Powers v Powers,* 86 NY2d 63, 68), the DSS wholly failed to controvert the appellant's testimony that he was indigent and could not find employment despite diligent efforts. Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.