■ In the Matter of ROSE DIAZ, Respondent, v GREGORY DIAZ, Appellant. [692 NYS2d 458] —In a child support proceeding pursuant to Family Court Act article 4, the appeal is from (1) an order of the Family Court, Richmond County (Spinardi, H.E.), dated January 10, 1997, which, *inter alia,* directed the appellant to pay the weekly sum of $181 in child support, (2) an order of the same court (Clark, J.), dated March 3, 1997, which denied the appellant's objections to the order dated January 10, 1997, and (3) an order of the same court (Clark, J.), dated July 30, 1997, which denied the appellant's objections to an order of the same court (Spinardi, H.E.), dated June 11, 1997, finding the appellant in contempt of the order dated January 10, 1997.

Ordered that the appeal from the order dated January 10, 1997, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 3, 1997; and it is further,

Ordered that the orders dated March 3, 1997, and July 30, 1997, are reversed, on the law, without costs or disbursements, the objections to the underlying orders dated January 10, 1997, and June 11, 1997, respectively, are sustained, and the matter is remitted to the Family Court, Richmond County, for a determination of child support and arrears by a different Hearing Examiner in accordance herewith.

The court erred in determining the amount of the child support award on the basis of the needs of the children. There is no basis for the court's departure from the formula set forth in Domestic Relations Law § 240 (1-b) (*see, Murphy-Artale v Murphy,* 219 AD2d 587).

The evidence presented at the violation of probation hearing on June 11, 1997, failed to establish by clear and convincing evidence that the appellant willfully violated the order dated

January 10, 1997, or was financially able to comply with that order (see, *Matter of Nassau County Dept. of Social Servs. v Hartley,* 227 AD2d 492). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.