In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of LAURIE L. PARKES, Respondent, v KENNETH D. PAINE SR., Appellant. [827 NYS2d 720]—

Kane, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 28, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to find respondent in violation of an order of support.

An order required respondent to pay Laurie L. Parkes $80 per week as child support for their two children. Petitioner commenced this violation proceeding on behalf of Parkes when respondent fell behind in support. The Support Magistrate found respondent in willful violation of the support order by default when he failed to appear at a hearing after previously appearing and being given notice of the hearing date. A money judgment for arrears was issued in the amount of $2,008.89 and the matter was referred to Family Court. Respondent did not contest the amount of arrears or finding of willfulness, but objected to the recommendation for incarceration. Following adjournments, during which time respondent sought and obtained employment, the court confirmed the Support Magistrate's findings, found arrears at that time of over $3,000, imposed a three-month commitment to the county jail, suspended that sentence for one year on condition that respondent comply with the current support order and required him to pay an additional $200 per month toward arrears. The court reasoned that the additional monthly payment of $200 would pay off the arrears within the one-year suspension of his commitment. Respondent appeals.

Respondent contends that Family Court erred in requiring him to pay $200 monthly toward arrears in addition to his weekly $80 support obligation because payments of the current and past due support would reduce his income below the self-support reserve. His argument is unpersuasive, as the statute provides protection to a noncustodial parent only where the

amount of the basic child support obligation, not arrears, would reduce his or her income below the self-support reserve (*see* Family Ct Act § 413 [1] [d]; *compare* Family Ct Act § 413 [1] [g] [limiting arrears to $500 where parent's income is less than the poverty line]).

Based on his willful violation, Family Court had the authority to commit respondent to jail for up to six months, as well as to suspend that sentence upon conditions (*see* Family Ct Act § 454 [3] [a]; *see also Matter of Armstrong v Belrose*, 9 AD3d 625, 627 [2004]). While a court may abuse its discretion by requiring, as a condition to suspend incarceration, payment of a large amount of accumulated arrears within a short time period or without regard to the obligor's present ability to pay (*see Matter of Orange County Dept. of Social Servs. v Harold M.*, 137 AD2d 693 [1988]; *Matter of Nasser v Abraham*, 86 AD2d 973 [1982]; *Matter of Kelley v Kelley*, 31 AD2d 825 [1969]; *see also Altschul v Altschul*, 84 AD2d 798 [1981]; *compare Matter of Sands v Sands*, 105 AD2d 788 [1984], *lvs dismissed* 64 NY2d 604, 767 [1985]), based on the financial information in the record, the court here did not commit such an abuse by requiring respondent to pay $200 per month toward his arrears as a condition to suspending his three-month sentence of incarceration.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.