■ In the Matter of LYNDA ROTH, Respondent, v. EDWARD ROTH, Appellant.— In a support proceeding, the appeal is from two orders of the Family Court, Queens County, one dated June 16, 1972, which directed appellant to pay $90 biweekly for wife and child support, and the other dated September 21, 1973, which directed that he (1) give a cash bond of $250 for default in payments under said order of June 16, 1972 and another of January 15, 1973 and for failure to comply with still another order dated May 24, 1973 and (2) serve five days in jail in the event of his failure to give such bond. The cash bond was given and applied to support arrears owing under the June, 1972 and January, 1973 orders. Order of September 21, 1973 modified, on the law and the facts, by deleting therefrom the following: "failing which respondent is ordered to the workhouse for 5 days". As so modified, said order is affirmed, without costs. Order of June 16, 1972 affirmed, without costs. Appellant contends, *inter alia*, that (1) it was a violation of due process to

proceed in the absence of his counsel, in the face of his request for an adjournment so that counsel might be present, and (2) there was no evidence adduced as to his ability to pay. In light of all the proceedings that have been had since the original support order was first made, on June 16, 1972, the clear implication arises that appellant has chosen to ignore that order and the subsequent order of January 15, 1973 adjudging him in arrears and requiring payment of $110 biweekly. The Family Court did not abuse its discretion in denying a further adjournment to allow counsel's presence. The direction that appellant give a $250 cash bond, to be applied to arrears under the June and January orders, was also proper in view of appellant's lack of co-operation. Appellant's salaried employment is prima facie evidence of his ability to support his family in the amounts ordered, that is, $90 biweekly plus $20 biweekly towards arrears (see, also, Family Ct. Act, § 437). We find no willful disobedience of the May 24, 1973 order and, therefore, it was improper to order appellant to be incarcerated. Gulotta, P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.