■ In the Matter of JOAN STACY, Respondent, v DAVID SPEANBURY, Appellant.—Appeal from an order of the Family Court of Schenectady County, entered October 2, 1975, which found appellant in willful violation of an order of support and committed him to the Schenectady County Jail for 30 days. Following their divorce on February 27, 1973, petitioner received custody of the two infant children of the marriage for whom appellant is required to pay support. A hearing was held on petitioner's application alleging violation of the order of support. The Family Court found appellant in willful violation of the support order and committed him to the Schenectady County Jail for 30 days. Appellant's principal contention is that the court's finding that he willfully disobeyed the order of support is contrary to the weight of evidence adduced at the hearing. The record reveals that appellant voluntarily left his job with the Albany County Sheriff's Department in September of 1974 to accept a higher paying job with another employer, Environmental Homes, and that he was subsequently laid off from this new job after working one week. Since that time he has been unemployed. He received public assistance benefits until March of 1975 when he was deleted for his failure to register for possible employment at an employment office. Appellant testified that he did not register since it was his understanding that the employment, if any, would be a "day here and there" and he felt that he could better use his time to seek permanent employment, and also because any earnings would reduce his public assistance benefits. While we recognize the principle that a mere showing of nonpayment is insufficient to sustain a finding of "willfulness" under section 454 of the Family Court Act (Matter of Hall, 35 AD2d 758) we find that the evidence herein is sufficient to establish a finding of willfulness. Appellant made no effort to pay to petitioner any portion of the wages he received while he was employed at Environmental Homes. Furthermore, although while employed at the Albany County Sheriff's Department he received Blue Cross and Blue Shield coverage which he had been ordered to obtain on behalf of his family, he made no effort to obtain such coverage when he took his employment with Environmental Homes. We note also that upon loss of his position at Environmental Homes, he made no attempt to regain his position with the Albany County Sheriff's Department. Additional evidence of his willful violation of the support order is his refusal to register for possible employment at an employment office on the very tenuous excuse that he could make better use of his time to seek permanent employment, when he gave no instances of actual job-seeking efforts. Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Herlihy, JJ., concur.