■ In the Matter of KARLA SHERIDAN, Respondent, v JAMES SHERIDAN, Appellant.—Appeal from an order of the Family Court of Ulster County, entered November 6, 1978, which found appellant in willful violation of an order of support and committed him to the Ulster County Jail for 30 days. Since November 13, 1973, the appellant has been subject to an order of support for his children of $10 per week. It is undisputed that he has not made any of the required payments since March, 1974 and, pursuant to the petition filed with the court on August 3, 1978, he was in arrears a total of $2,660. The appellant testified that he had been employed during a period of time in 1976 or 1977 long enough to be eligible for unemployment benefits in 1977 and that he had drawn such benefits in 1977, until they were exhausted. It is uncontradicted that as of the time of the hearing in this matter, he was unemployed, was being supported by a woman with whom he lived, and had no source of income or assets of value. Pursuant to subdivision 1 of section 454 of the Family Court Act, the failure to obey the support order can be punished by imprisonment and "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation." The court reviewed the appellant's testimony as to his failure to pay and in particular his alleged present living arrangements and stated: "I'm not going to let you get away with this. I'm going to find that your failure to pay is presumptively willful and you're going to the County Jail." The appellant contends that since he currently has no assets and is indigent, the court erred in finding his failure to pay support was willful. The record in this case establishes that the appellant failed to pay support as ordered during periods when he had sources of income. Assuming that his current circumstances "might" not constitute a willful failure to pay support as ordered, there is nothing to mitigate the flagrant failure to obey the order when he was working. The finding of willfulness has abundant support in this record (cf. Matter of Cole v Cole, 65 AD2d 643). Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.