■ HELEN J. BADENHOP, Respondent, v ROBERT W. BADENHOP, Appellant. — In a support proceeding, the appeal is from an order of the Family Court, Nassau County (Cohen, J.), entered May 14, 1981, which denied appellant's motion, *inter alia,* to vacate an order of sequestration, to require the petitioner to account for all sums received by her as receiver and to require repayment of $500 in counsel fees which he had been ordered to pay to petitioner's attorney. Order reversed, without costs or disbursements, and matter remitted to the Family Court, Nassau County, for further proceedings consistent herewith. The petitioner wife moved by order to show cause in the Family Court, Nassau County, to enforce a support order dated December 20, 1976. Arrearages were alleged. Neither the order to show cause nor a summons dated November 5, 1980 issued pursuant to that order was served although the Nassau County Sheriff's Department attempted service at the appellant husband's former residence. Appellant was living in the Virgin Islands at the time. On November 19, 1980 a Family Court hearing was held, but the appellant did not appear. On November 24, 1980 an order of sequestration was granted pursuant to sections 457 and 429 of the Family Court Act. By notice of motion dated February 3, 1981 the husband moved for a rehearing to vacate the order. Following the rehearing held on April 21, 22 and 23, 1981 the order of sequestration was continued. Although the appellant should have been given notice of the initial hearing held in November, 1980 pursuant to the very liberal notice provisions of section 427 of the Family Court Act, he had actual notice of the rehearing which involved a reconsideration of the original motion for a sequestration order. Thus, reversal cannot now be sought on grounds of lack of notice. Appellant complains that no evidence was introduced showing an ability on his part to pay arrearages. However, a person's salaried employment may be prima facie proof of his ability to pay *(Matter of Roth v Roth,* 45 AD2d 758). Similarly in the case at bar, appellant's real estate holdings and ownership of mortgages also constitute such prima facie proof. There is no need for a showing of "willful" failure to obey the court order before sequestration is imposed, unlike the showing needed for commitment to jail (Family Ct Act, § 454, subd 1, par [a]). However, the case should be remanded to the Family Court for a determination as to what, if any, arrears presently exist. If all arrears have been satisfied, the sequestration order should be vacated. Further, as the right to a counsel fee is one which must be proved *(Matter of Maneri v Maneri,* 54 AD2d 716) testimony should also be taken in this regard. Mollen, P. J., Damiani, Gibbons and Bracken, JJ., concur.