■ In the Matter of PAUL D. PIRIE, as Commissioner of St. Lawrence County Department of Social Services, on Behalf of BONNIE LAW, Respondent, v TERRY LAW, Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered July 15, 1982, which committed respondent Terry Law to the St. Lawrence County Jail for six months for failure to obey a support order, but suspended his commitment upon certain terms. In November, 1978, respondent separated from his wife, Bonnie Law, and commenced cohabitation with Joanne Liebfred. His wife and three children were soon forced to seek public assistance. Thereafter, petitioner St. Lawrence County Department of Social Services obtained an order of the Family Court dated July 31, 1979, directing respondent to contribute $33.75 per week toward the

support of his wife and children. His continuing failure to do so led to the filing of two violation petitions and to court orders mandating payment. These orders reduced respondent's obligation during periods of unemployment but reinstated the $33.75 rate once employment was regained. Finally, after a third violation petition was filed on March 4, 1982, at which time arrearages totaled $2,431.25, the court rejected respondent's petition for modification and found respondent in willful violation of its previous orders; the six-month jail sentence imposed was suspended on condition respondent pay $1,000 on or before August 1, 1982 and that he make regular support payments each week thereafter. A stay of that order pending appeal was granted. We affirm. Following issuance of the first support order, respondent left his relatively prosperous position as a truck driver and has since been content to operate a struggling logging business with Liebfred. Although claiming to be currently without funds due to the near failure of that business, he readily admits delivering 15 loads of pulp wood for processing during early 1982 and receiving approximately $125 per load. During this same period, no effort was made to comply with the support order. Furthermore, it is undisputed that he presently owns six motor vehicles, including a 1972 Ford LTD which he purchased in 1980. In light of the fact that some money was available for support payments, that respondent's attempts at obtaining another job were at best feeble, and that though well aware of the obvious difficulty of succeeding in the logging business he has chosen to direct his energies in an area which for him clearly appears to be economically unproductive (see *Matter of Gell v Gell*, 75 AD2d 961), we conclude that respondent failed to overcome the presumption of willful violation set forth in subdivision 1 of section 454 of the Family Court Act. This is so, even if we accept the assertion that, at the moment, he has no earnings (*Sheridan v Sheridan*, 70 AD2d 698, app dsmd 48 NY2d 605). Order affirmed, without costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.