■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CLARA FIELD, Respondent, v CHARLES WALKER, Appellant. — In a support proceeding pursuant to the Family Court Act, the appeal is from an order of the Family Court, Nassau County (Kutner, J.), dated October 20, 1982, which after a hearing, adjudged that appellant had willfully disobeyed a prior order of support and sentenced him to a five-day jail term, with execution of the sentence suspended on condition he pay $250 on arrears. Order affirmed, without costs or disbursements. The appellant husband is admittedly in arrears and is, therefore, in violation of the provisions of a previous order of support. On October 20, 1982 a hearing was held pursuant to section 454 of the Family Court Act to determine whether his failure to make the required payments was willful. Appellant was the only witness at the hearing. He testified as to his unsuccessful efforts to obtain work. In order to sustain a violation of section 454 of the Family Court Act the ability to pay must be demonstrated (see, e.g., *Matter of Williams v Williams,* 91 AD2d 1044; *Matter of Burchett v Burchett,* 43 AD2d 970; *Matter of Jennings v Jennings,* 42 AD2d 568). The record discloses that appellant made no effort to find employment from the time of a prior judicial adjudication of contempt in February, 1982 until a month or so before the instant proceeding. Moreover, by his own admission appellant began his job search to prepare a record to show the Judge at the contempt proceeding. The record further reveals that appellant has no job skills, his employment experience is limited to positions as a dishwasher,

painter and general handyman, and he can barely read or write. We recognize that under any circumstances his employment opportunities would be restricted. Nevertheless, upon the record before us it appears that appellant failed to make reasonable and diligent efforts to find suitable employment in order to make the required payments (see *Matter of Stacy v Speanbury,* 53 AD2d 984; cf. *Matter of Lieberman v Lieberman,* 51 AD2d 745). Accordingly, the Family Court's finding of willfulness was entirely proper. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.