■ In the Matter of DEPARTMENT OF SOCIAL SERVICES OF FULTON COUNTY, on Behalf of DOROTHY WARWICK, Respondent, v JOHN HILLOCK, Appellant. — Appeal from an order of the Family Court of Fulton County (Best, J.), entered July 1, 1982, which found respondent in willful violation of an order of support. Based on a 1976 order of filiation and support, in which respondent admitted paternity of Dorothy Warwick's child, respondent was directed to pay weekly amounts of $15 for the child's support and $5 toward the medical expenses incurred by the mother as a result of the pregnancy. Payments were sporadic over the ensuing years during which period the original support order was suspended and reinstated several times. Due to the arrears which did accrue during those periods when the support order was in effect and were unpaid, a petition for violation of a support order was filed on April 23, 1982 pursuant to section 453 of the Family Court Act. Following a hearing, Family Court found that respondent was in willful violation of the court's prior orders and sentenced him to 60 days in jail. The sentence was suspended by Family Court on the condition that respondent find a job and resume payments within 30 days. Although the 30-day period expired without respondent having complied with the condition, enforcement of Family Court's order sentencing respondent to jail has been stayed by this court pending the outcome of this appeal. Only one of the issues raised by respondent requires comment. Since only those who have "willfully" failed to obey a support order may be imprisoned for a violation thereof (Family Ct Act, § 454, subd 1, par [a]), respondent argues that there is insufficient evidence in the record to support such a finding in this case and that the evidence of his current inability to pay any amount for support is uncontradicted. However, respondent's own testimony indicated that he made between $450 and $600 during the period in issue and that the entire amount was used to pay other debts. A respondent's failure to pay court-ordered support during a period in which he had sources of income will support a finding that he willfully violated a support order, even when he is currently indigent and unable to make any payments (*Matter of Sheridan v Sheridan,* 70 AD2d 698, mot for lv to app dsmd 48 NY2d 655). Accordingly, Family Court's order finding a willful violation of that court's prior support order is satisfied by competent proof in the record and should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.