■ In the Matter of TIMOTHY DUPREE, Respondent, v LYNN DUPREE, Appellant. — Appeal from an order of the Family Court of St. Lawrence County (Follett, J.), entered September 9, 1982, which lowered petitioner's child support payments to $65 per week. The parties were divorced on July 28, 1981. By the terms of a stipulation entered into during a Trial Term and of the judgment of divorce, petitioner agreed to pay for the benefit of the three infant issue of the marriage the sum of $5,600 per year. Before final entry of the divorce, two judgments for over $1,000 in arrears each in temporary alimony and support were docketed against petitioner. On August 5, 1981, Family Court ordered a wage deduction of $100 per week against petitioner. Thereafter, petitioner voluntarily left his employment at which he earned approximately $20,000 per year for employment with earnings of less than $11,000 per year. On September 21, 1981, petitioner filed a petition requesting modification of the support provisions of the judgment of divorce. Following a hearing on November 2, 1981, the petition was dismissed after the court found that petitioner's loss of income and the resulting change of circumstances were not beyond his control. Thereafter, petitioner filed a second petition for modification alleging that the change of employment was necessary because his job had become less secure, he wished to be closer to his children, and that his new employment was secure and not seasonal, as was his prior employment. This petition was also dismissed following a hearing. Thereafter, petitioner filed a third petition. In reply, respondent alleged that petitioner had terminated his prior employment without necessity and as a protest to and retaliation for the entry of the wage deduction order. Following trial on March 9, 1981, the Family Court found that petitioner had indeed terminated his employment in protest to the wage deduction order and, further, that petitioner's job had not become less secure and that he unnecessarily terminated his employment. Notwithstanding these findings, the court found a sufficient change in circumstances to order that petitioner's support obligations be reduced to $65 per week. This appeal by respondent ensued. On this appeal, respondent contends that Family Court erred in its application of the law to the facts of this case. We agree that this was error and, accordingly, reverse. Where a spouse's own

actions or inactions bring about a reversal in that party's financial condition, the court should not grant a downward modification (*Hickland v Hickland,* 39 NY2d 1, 5, cert den 429 US 941; *Matter of Doscher v Doscher,* 80 AD2d 945, affd 54 NY2d 655). It is a spouse's ability to provide, not a spouse's current economic situation, which determines the proper amount of support payable (*Kay v Kay,* 37 NY2d 632; *Matter of Doscher v Doscher, supra*). The record before us indicates that petitioner left his more lucrative employment for other than valid vocational reasons (cf. *Andre v Andre,* 78 AD2d 974). We must, however, reject respondent's claim for arrearages allegedly due in the amount of $1,873. Respondent calculates those arrearages as the difference in the original support order of $100 per week and that which petitioner was required to pay under a temporary order of Family Court and the order appealed from herein. As petitioner was paying lesser amounts pursuant to court order, we cannot say that respondent is entitled to a judgment for arrearages. Order reversed, on the law, without costs, and petition dismissed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.