■ In the Matter of PHILIPPA DICKSTEIN, Respondent, v MARTIN DICKSTEIN, Appellant. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered June 28, 1983, which found respondent in willful violation of an order of support and committed him to Broome County Jail for 30 days. Since November 4, 1982, respondent has been the subject of an order for support and maintenance in the sum of $250 per week. It is undisputed that he ceased making payments as of May 16, 1983, and on June 15, 1983, moved for a downward modification of the order. Five days later, a violation of support order was served and both matters were heard June 28, 1983. After a hearing, Family Court dismissed the husband's petition for downward modification, held him in contempt for willful violation of the support order, and committed him to 30 days in jail unless payment of $1,750 in arrearages due was made by July 1, 1983. This appeal ensued. There should be an affirmance. Contrary to his contention, the record confirms that respondent was advised by Family Court of his right to counsel and that he elected to proceed on his own accord (see *Hickland v Hickland,* 56 AD2d 978, 980). Next, in order to find a willful failure to obey the prior support order, the ability to pay must first be demonstrated (see *Matter of Bruno v Bruno,* 50 AD2d 701). Respondent admitted arrearage in his support payments, but asserts he was denied his right to a full evidentiary hearing when Family Court refused to admit into evidence financial records prepared by his accountant which purportedly confirmed his financial inability. We disagree. Notwithstanding the omission of respondent's financial records, there is competent proof in the record to confirm his ability to meet his support obligations. The record discloses that respondent was the owner of two restaurants, employing some 13 to 14 people; maintained a home with a monthly mortgage payment of $972.72; sold two parcels of real estate in the spring of 1983 for a gross sum of $25,000; and withdrew funds from both restaurants. Moreover, respondent was completely evasive in testifying as to his present working status and income. A person's salaried employment, as well as his business and real estate holdings, may provide prima facie proof of his ability to pay support (*Badenhop v Badenhop,* 84 AD2d 773). In our view, respondent has failed to overcome the presumption of willful violation set forth in subdivision 1 of section 454 of the Family Court Act for nonpayment (see *Matter of Pirie v Law,* 92 AD2d 701, 702; *Matter of Sheridan v Sheridan,* 70 AD2d 698, app dsmd 48 NY2d 605; *Matter of Nassar v Abraham,* 108 Misc 2d 628). By the same token, Family Court properly dismissed his petition for a downward modification as patently without substance (see *Matter of Dupree v Dupree,* 98 AD2d 898; *Matter of Doscher v Doscher,* 80 AD2d 945, affd 54 NY2d 655). Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.