■ In the Matter of ELEANOR LEONARD, Respondent, v JOSEPH F. LEONARD, Appellant. — Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered September 19, 1983, which dismissed respondent's cross petition for modification of a prior support order, and (2) from an order of said court, entered September 19, 1983, which found respondent to be in violation of a prior support order and fixed the amount of arrears. ¶ By order of Family Court dated December 9, 1982, respondent was sentenced to 60 days in jail· for willful violation of a support order dated August 25, 1975. This sentence was suspended upon the condition that support payments for the parties' two children of $25 per week be kept current. By petition dated June 21, 1983, petitioner sought a determination that respondent was in violation of the December 9, 1982 support order. Respondent then cross-petitioned for a downward modification of the $25 per week payment required by the prior order. After conducting a hearing, Family Court dismissed the cross petition and, in a separate order, granted the petition. In the latter order, Family Court fixed the amount of arrears at $665 and provided that if said sum was not paid in full by September 30, 1983, respondent was to serve a 60-day term of imprisonment. These appeals ensued and respondent has obtained a stay of the sentence by depositing the arrears with the Delaware County Support Collection Unit. ¶ On this appeal, respondent contends that the record fails to support Family Court's determination. Specifically, respondent contends that since he is unemployed and his workers' compensation benefits were reduced as of April 14, 1983, Family Court erred in refusing to modify the December 9, 1982 support order and in determining that respondent willfully violated that order. ¶ A careful review of the record, however, fully supports Family Court's findings and determination (see Family Ct Act, § 454, subd 1, par [a]; cf. *Hickland v Hickland,* 39 NY2d 1, cert den 429 US 941; *Matter of Pirie v Law,* 92 AD2d 701). The orders should, therefore, be affirmed. ¶ Orders affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.