■ In the Matter of AMANDA SANDS, Respondent, v GLENN SANDS, Appellant. — In a proceeding pursuant to section 454 of the Family Court Act, the husband appeals, as limited by his brief, from so much of an order of the Family Court, Nassau County (Collins, J.), entered May 8, 1984, as found that he willfully failed to obey a prior support order dated October 1, 1981 and sentenced him to 30 days in the Nassau County Jail, but suspended execution on condition that he make five equal installment payments, totaling $1,250, toward his arrears.

Order affirmed, insofar as appealed from, without costs or disbursements.

While the record adequately supports appellant's contention of modest income, it also indicates that he made equally modest regular support payments for the first seven months following the order sought to be enforced. No evidence of any change of circumstances was adduced to explain his sudden discontinuance of those payments, although he remained employed at a relatively constant salary throughout 1982 and 1983, the periods during which his failure to pay was found to be willful. The failure to make support payments and the absence of any attempt to modify the order of support is prima facie evidence of willfulness (Family Ct Act, § 454, subd 1, par [a]; *Matter of Dickstein v Dickstein,* 99 AD2d 929). Furthermore, the failure to use any part of one's wages to make payments during periods of regular employment is also prima facie evidence of willfulness (see, e.g., *Matter of Roth v Roth,* 45 AD2d 758; *Matter of Stacy v Speanbury,* 53 AD2d 984).

Appellant argues that due to the showing of his modest income and consequent inability to meet the payments in support order, the court's finding of willfulness was improper and, implicitly, claims he is entitled to the return of the $1,250 which he paid in order to avoid commitment. Although the record does perhaps lend some support for a finding that the court's conditional order was beyond appellant's present financial resources (see, e.g., *Matter of Abbondola v Abbondola,* 40 AD2d 976; *Matter of Nasser v Abraham,* 86 AD2d 973), appellant fails to explain how he was able to pay the $1,250 when he did. The

finding of willfulness is virtually unavoidable on this record. Should appellant's future ability to meet his regular payments be impaired by the lump sum paid to avoid commitment, his remedy is to seek a modification of his support obligations pursuant to section 451 of the Family Court Act. Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.