■ In the Matter of NUBIA A. ALVARADO, Respondent, v JOHN DUNGEE, Appellant.—In a proceeding pursuant to Family Court Act § 454 to enforce an order of support, John Dungee appeals from an order of the Family Court, Suffolk County (Snellenburg, J.), entered November 12, 1986, which committed him to the Suffolk County Jail for a term of one month.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the application for an order of commitment is denied.

In a hearing to determine whether an order of commitment should be issued, the appellant testified to his lack of steady employment over the previous several months due in large

measure to his recent felony convictions. The appellant also provided information concerning his recent income and expenses, which included substantial amounts expended to make restitution in connection with his recent convictions. We find that the evidence provided by the appellant clearly demonstrated his present financial inability to make the support payments required of him. Under the circumstances of this case, the commitment of the appellant is unwarranted (see, Family Ct Act § 455 [5]; *Altschul v Altschul,* 84 AD2d 798, 799). Bracken, Brown and Eiber, JJ., concur.

Thompson, J. P., concurs in part and dissents in part and votes to modify the order appealed from, by suspending the execution of sentence on condition that the appellant set up a payment schedule and make regular weekly payments in the satisfaction of arrears, and as so modified, to affirm the order appealed from, with the following memorandum.

Since December 16, 1976, the appellant has been subject to an order of support for his child in the amount of $20 per week. Because of the appellant's failure to make regular payments and the arrears which accrued, a petition for violation of the support order was filed pursuant to Family Court Act § 453. Following an inquest, on May 25, 1984, the court found that the appellant had willfully failed to make the required support payments. No dispositional order was entered at that time but a warrant for the appellant's arrest was issued. The warrant was not executed until April 9, 1986. Thereafter, the order of support was vacated retroactive to May 26, 1984, presumably because the parties' child had reached the age of majority. The accumulated arrears were calculated as $2,532.

In its decision following a dispositional hearing, the Family Court found that the appellant had failed to demonstrate his present lack of adequate financial resources to pay the $2,532 in arrears and he had willfully failed to make such payments. The court then ordered that the appellant be incarcerated in the Suffolk County Jail for a period of one month. This appeal is from the ensuing order of commitment entered upon its decision.

I am of the opinion that the appellant's defense under Family Court Act § 455 (5), based on his financial inability to pay the arrears in support, is not supported by competent proof in the record. Therefore, I believe that the order of commitment should be sustained. However, I would modify the order appealed from by suspending the execution of sen-

tence on the condition that the appellant set up a payment schedule and make regular weekly payments in satisfaction of the arrears (see, Matter of Abbondola v Abbondola, 40 AD2d 976; Matter of Kelley v Kelley, 31 AD2d 825).

I would note that in order to deprive one of liberty by commitment to prison, the willful violation of a prior court order must be established by clear and convincing evidence (Bulow v Bulow, 121 AD2d 423; Matter of Schmerer v McElroy, 105 AD2d 840). With respect to the petitioner's burden of proof on the issue of willfulness, this court recently observed that "[t]he failure to make support payments and the absence of any attempt to modify the order of support is prima facie evidence of willfulness (Family Ct Act, § 454, subd 1, par [a]; Matter of Dickstein v Dickstein, 99 AD2d 929). Furthermore, the failure to use any part of one's wages to make payments during periods of regular employment is also prima facie evidence of willfulness (see, e.g., Matter of Roth v Roth, 45 AD2d 758; Matter of Stacy v Speanbury, 53 AD2d 984)" (Matter of Sands v Sands, 105 AD2d 788, lv dismissed 64 NY2d 767). The appellant is admittedly in arrears, has made no application to modify the support order, and concededly did not pay support for his child during periods when he was gainfully employed. Hence, at the very least, a prima facie showing of willfulness has been made. In any event, the appellant does not contest the previous finding that his default in compliance with the support order was willful. He simply raises as a defense to avoid commitment for his contempt of the court order of support his financial inability to pay the arrears (Family Ct Act § 455). The appellant argues that the order of commitment was improper and should be reversed by this court because he presented sufficient evidence to demonstrate his present inability to pay the accrued arrears. I cannot agree with the appellant or my learned colleagues in the majority that the evidence proffered by the appellant at the commitment hearing "clearly demonstrated his present financial inability to make the support payments required of him".

At the commitment hearing, the appellant testified that he was an aviation engineer, but he was not presently employed in his chosen field. He had been working intermittently as a house painter and a limousine driver. The appellant claimed his last steady employment in the aerospace industry was in 1985 in Sweden. After his return to the United States in November of that year he was unable to obtain employment in aeronautics. The appellant made minimal efforts to find

employment but claimed that his lack of success was due to his criminal conviction in April 1986 for which he was sentenced to 31 days time served, five years' probation and restitution of $4,700 to be paid at the time of sentence and an additional $108 per month for 21 months. Under the terms of his probation, the appellant was also prohibited from leaving the United States. The appellant claimed that he paid the $4,700 with the proceeds of his 1984 and 1985 tax refunds. He was paying the monthly payments into an escrow account. The total sum of the appellant's employment search consisted of contacting two firms with whom he had previously been employed and two other firms. The appellant further claimed that he had received an offer from a company in Spain but that the condition of his probation prevented him from accepting the offer.

The appellant also was subject to an outstanding judgment of $4,500 entered in relation to a Suffolk County criminal action. Because he was unable to pay the judgment, the appellant was required to execute a letter of intent that he would pay the judgment when he obtained the funds to do so.

With respect to his expenses, the appellant testified that he resided in a home owned by his present wife and her ex-husband upon which the appellant paid the mortgage. Because of her physical condition, the appellant's wife was not employed. The appellant paid his wife's medical expenses and their joint living expenses including annual insurance on two automobiles owned by his wife.

Although the record lends some support to the majority's finding of the appellant's inability to pay, I believe that the appellant suffers from a completely self-imposed inability to comply with the prior support order. While our inquiry is, as the appellant urges, directed at his present ability to pay arrears, and an appellant's failure to pay court-ordered support during a period when he had sources of income may, in certain instances, defeat the defense of inability to pay even when the appellant presently has no earnings *(Matter of Department of Social Servs. v Hillock,* 96 AD2d 625; *Matter of Pirie v Law,* 92 AD2d 701; *Matter of Sheridan v Sheridan,* 70 AD2d 698, *lv dismissed* 48 NY2d 655), the appellant at bar readily admits that he made no effort to pay support during periods when he was employed. Moreover, the appellant's efforts to obtain employment since his return to the United States could at best be described as feeble. The appellant is required to make reasonable and diligent efforts to find employment *(Matter of Nassau County Dept. of Social Servs. v*

*Walker,* 95 AD2d 855, *lv dismissed* 60 NY2d 778; *Matter of Pirie v Law, supra; see,* Besharov, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, 1987 Pocket Part, Family Ct Act § 454, at 65). He offered no proof of his efforts to obtain employment other than his own conclusory statements. In any event, his contacting of four firms can hardly be characterized as a diligent effort.

Finally, appellant was able to procure $4,700 to make restitution and pay $108 monthly against the balance as well as to maintain a house and two cars owned by his current wife. Under the circumstances, I do not believe it is unreasonable to require the appellant to meet his family support obligations by making regular payments in satisfaction of accumulated arrears. Therefore, I respectfully dissent in part.