■ PAUL A. GEORGE, Appellant-Respondent, v KAYE K. GEORGE, Respondent-Appellant. [597 NYS2d 129] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated February 4, 1991, as denied his motion for the entry of a default judgment, and the defendant wife cross-appeals from so much of the same order as awarded pendente lite child support in an amount less than she requested, and denied her application for an award of interim counsel fees.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under the circumstances of this case, the denial of the husband's motion to enter a default judgment did not constitute an improvident exercise of discretion.

The wife's claim that the court erred in failing to apply the Child Support Standards Act *(see,* Domestic Relations Law § 240 [1-b]) in connection with her application for pendente lite child support is unpreserved for appellate review, and in any event, is without merit. Here, the information needed to make a calculation pursuant to the statute was not available at the time of the wife's application, and even when such information is available, the trial court is not required to apply the formula on applications for temporary support *(see,* Domestic Relations Law § 236 [B] [7]).

Furthermore, the record indicates that the parties were residing together with their two infant children at the time of the wife's application. The husband, who had been paying all household expenses, including tuition for the children, agreed to continue such payments except for the wife's personal telephone during the pendency of the action. The court directed him to continue the payments he had made voluntarily in the past *(see, Krantz v Krantz,* 175 AD2d 863, 864), and ordered him to pay an additional $60 per week as child support for the minor children. In light of the fact that the wife was employed full-time, and the husband was paying all of the household expenses as indicated above, we find that the additional amount awarded for child support was adequate to meet the reasonable needs of the children and wife during the pendency of the action.

Finally, we conclude that the court properly denied the wife's application for an award of interim counsel fees without prejudice to later renewal. The wife failed to submit a complete net worth statement or other documentation establishing that an award of an interim counsel fee was necessary to enable her to properly prosecute this action *(see,* Domestic Relations Law § 237 [a] [5]; 22 NYCRR 202.16; *see also, Lazich v Lazich,* 189 AD2d 750). Balletta, J. P., Miller, Ritter and Santucci, JJ., concur.