■ In the Matter of BERNADETTE L. POWERS, Respondent, v ALLEN B. POWERS, Appellant. [616 NYS2d 102] —Weiss, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered April 30, 1993, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt for violating an order of support.

The May 16, 1990 judgment of divorce incorporated but did not merge a May 7, 1990 separation agreement which provided that respondent pay $225 weekly for support of five children plus $375 weekly as maintenance to petitioner. On March 13, 1991 Family Court granted petitioner judgment for $13,300 in arrears without a finding of respondent's willful violation of the divorce decree. On November 8, 1991, at the hearing on a second violation petition, the parties stipulated the additional arrearage to be $13,080 and temporarily reduced the maintenance payment by $125 weekly until October 1993. On June 3, 1992, a hearing was held on the third petition alleging violation at which respondent testified to the economic recession which had impacted adversely upon his certified public accounting practice between September 29, 1991 and May 9, 1992, leaving him with but $16,800 to meet $29,965 in living expenses and payments he actually made to petitioner. The Hearing Examiner found that "[h]is attempts to explain any changes in his situation, since the November 8 stipulation, can best be described as pathetic. I find that he has presented no credible reason to overcome the presumption that non payment creates." Family Court rejected respondent's objections and upheld the decision of the Hearing Examiner finding him in willful violation, and imposed a sentence of 60 days in jail for civil contempt of court.

On this appeal respondent contends first that the uncontradicted proof of his dire financial circumstances sufficiently rebutted the prima facie evidence of willfulness established by petitioner's showing that he failed to make the ordered payments *(see,* Family Ct Act § 454 [3] [a]). Second, he contends that further evidence was required to satisfy the standard of clear and convincing proof both of his ability to pay and that his failure was willful. He argues that an incorrect standard of proof was applied to his situation.

We find that the Hearing Examiner did apply an incorrect burden of proof upon respondent when he misconstrued the term "prima facie evidence" appearing in Family Court Act § 454 (3) (a) to mean a "presumption". The terms are not

synonymous (57 NY Jur 2d, Evidence and Witnesses, § 4, at 173). Prima facie evidence means evidence which is sufficient to establish the facts unless rebutted (see, Black's Law Dictionary 1071 [5th ed 1979]; 113 NY Jur 2d, Words and Phrases, at 334). Upon petitioner's proof of nonpayment, the burden of going forward or producing evidence shifted to respondent to rebut or contradict that proof. However, a finding of willful violation upon which a person may be incarcerated must be established by clear and convincing evidence (see, Matter of Carella v Collins, 144 AD2d 78, 83-84; Bulow v Bulow, 121 AD2d 423, 424; Richardson, Evidence § 96 [Prince 10th ed], at 72).

Here, respondent went forward by demonstrating his limited income and his efforts to meet his obligations. He made a prima facie showing of a financial inability to comply with the order. While respondent's testimony was attacked on cross-examination and argued to be weak, petitioner failed to counter with affirmative proof of respondent's financial ability to meet his support obligation (see, Richardson, Evidence §§ 95, 96 [Prince 10th ed], at 72; see also, Matter of McCarthy v Spearman, 96 AD2d 750). Family Court never found that respondent was financially capable and willfully failed to make the required payment (see, Matter of Department of Social Servs. v Hillock, 96 AD2d 625). Accordingly, we find that the proof in this record fails to support the order of commitment.

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur.

Mercure, J. (dissenting). I dissent. Because I agree with Family Court's conclusion that at the June 3, 1992 hearing on the violation petition respondent presented insufficient evidence to excuse or justify his failure to honor the support obligations stipulated to and embodied in the November 1991 Family Court order, I would affirm.

Initially, it should not go unnoticed that respondent is a self-employed certified public accountant operating in a sole proprietorship. As an accountant, respondent is an expert in the preparation of financial accounts and reports; as a sole practitioner, he is reasonably insulated from outside scrutiny concerning his income and the amount of and necessity for his business expenses. As recognized by the majority, respondent's failure to pay the support provided for in the November 1991 order constituted prima facie evidence of his willful violation thereof (Family Ct Act § 454 [3] [a]). Further, respondent acknowledges that during the period from September 29, 1991

to May 9, 1992 he had business receipts of $70,584, which projects to the substantial annual gross income of approximately $115,000. Despite that fact, respondent made less than half of the scheduled support payments following the November 1991 order, even with the stipulated reduction from $600 to $475 per week. Although respondent claims business expenses of $53,624 during the same period, he produced no original records or books of account. Rather, he presented only his own income and expense summaries, prepared specifically for the hearing. More important, respondent offered no evidence of the business necessity for any of the expenses, and my review of respondent's summaries suggests that many were not truly necessary.

Under the circumstances, I disagree with the majority's conclusion that respondent made a prima facie "[demonstration of] his limited income and his efforts to meet his obligations". To the contrary, respondent showed nothing other than the manner in which he chose to spend his substantial income during the period in question (see, Matter of Department of Social Servs. v Hillock, 96 AD2d 625; cf., Matter of Carella v Collins, 144 AD2d 78, 83; Matter of Cole v Cole, 65 AD2d 643).

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as found respondent to be in contempt of court and ordered his commitment; petition dismissed; and, as so modified, affirmed.