■ Margrethe Brand, Respondent, v Abraham R. Brand, Appellant. [653 NYS2d 22] —Order, Supreme Court, New York County (David Saxe, J.), entered March 1, 1995, adjudging defendant in contempt in a proceeding under Domestic Relations Law § 245, unanimously affirmed, with costs.

The motion court properly found that alternative means of enforcing the Florida judgment would be ineffectual upon proof that defendant had conveyed his business and real estate holdings in New York, making sequestration impossible, and that it would be impossible to determine any source of income to him upon which to levy an income execution. Ample evidence of willfulness was provided by defendant's utter failure to explain what happened to the $8 million in marital assets found by the Florida court and supposedly dissipated in only three years (*see, Matter of Powers v Powers*, 86 NY2d 63, 70), why he never moved for a downward modification of the support provisions of the judgment (*see, Matter of Sands v Sands*, 105 AD2d 788), and what efforts he has made to obtain employment (*see, Matter of Nassau County Dept. of Social Servs. v Walker*, 95 AD2d 855, *lv dismissed* 60 NY2d 557, 778). We see no reason to disturb the Special Referee's credibility finding, adopted by the motion court, rejecting defendant's averment that his girlfriend's family is paying for his home, car, credit cards, trips abroad, and otherwise supporting him. We have considered defendant's remaining contentions and find them to be without merit. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.