■ MARA RUBIN, Appellant, v ANTHONY DELLA SALLA, Respondent. [910 NYS2d 439]—

Order, Supreme Court, New York County (Ellen Gesmer, J.), entered July 10, 2009, which, to the extent appealed from, directed defendant to pay interim child support of $5,000 per month, unanimously affirmed, without costs.

Plaintiff's contention that the motion court erred in not setting forth any analysis of the Child Support Standards Act (CSSA) factors (*see* Family Ct Act § 413 [1] [b] [3]; [c], [f]) to explicate its award lacks merit. Courts considering applications for pendente lite child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so (*see George v George*, 192 AD2d 693 [1993]; *Rizzo v Rizzo*, 163 AD2d 15, 16 [1990]). In any event, direct application of the CSSA factors would have been difficult here because plaintiff made little effort to demonstrate the amount of expenses attributable to the care of the parties' son, instead combining expenses attributable to herself and her daughter (from a previous marriage) together with expenses attributable to the son. In directing defendant to pay $5,000 per month in pendente lite child support, the motion court did provide a detailed review of the expense statements that were before it, as well as noting defendant's substantial income. The motion court further took the son's reasonable housing needs into consideration by directing defendant to guarantee a one-year apartment lease at a monthly rental amount of up to $6,500. We find that the motion court did not abuse its discretion in making the award.

To the extent the award may be inadequate, the best remedy would be for a speedy and plenary trial on the merits of these issues. Contrary to plaintiff's contentions, we do not perceive any "overly complex" issues that would present an obstacle to a speedy trial (*Asteinza v Asteinza*, 173 AD2d 515, 516 [1991]). Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Román, JJ.